Edward A. NIEMI,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4404)

Edward A. Niemi Plaintiff (taxpayer) filed a response *pro se.*

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered November 17, 1999.

**CARL N. BYERS, Judge.**

This matter is before the court on Defendant Department of Revenue's (the department) Motion for Summary Judgment and Plaintiff's (taxpayer) response. The department's motion asserts that taxpayer's underlying claim has been settled by the parties, and the appeal is moot.

FACTS

Taxpayer lived and worked in Alaska and Washington during the years 1987 through 1993. He did not file personal income tax returns in Oregon during those years. The department believed taxpayer remained domiciled in Oregon and assessed personal income taxes. Taxpayer appealed to

the department and after a hearing, the department issued Opinion and Order No. 97-4253 finding that taxpayer was domiciled in Oregon and upholding the assessments. Taxpayer had 90 days to appeal from that opinion and order to the Tax Court.

During the appeal period, taxpayer, through a representative, offered to settle. He tendered a cashier's check for $25,883 in full satisfaction of the assessments, which at that time totaled $67,488.34. The department gave final approval to the settlement offer on March 9, 1998.

Shortly after making the settlement offer, taxpayer appealed the department's opinion and order to the Magistrate Division of the Tax Court. Although he knew the settlement offer was pending, he did not tell the court about it, and the department's representatives were unaware of the status of the offer. On March 9, 1998, taxpayer's representative wrote him a letter indicating that the department had approved the settlement offer and warning him that the settlement "might have an adverse effect" on his Tax Court appeal. The representative suggested that he discuss the matter with his attorney before making a final decision. On March 25, 1998, the department officially notified taxpayer that the settlement offer had been accepted. The magistrate did not learn that the settlement offer had been accepted until after conducting a trial. The magistrate then issued a Decision of Dismissal, and taxpayer appealed to the Regular Division.

## ANALYSIS

Taxpayer's desire to continue with his appeal after the department accepted his settlement offer is evidence that he does not understand the full legal implications of settlement. When taxpayer's settlement offer was accepted by the department, the dispute between the department and taxpayer for the tax years 1987 through 1993 ended. At that point, the department had no further claim, and taxpayer had no further liability. Consequently, the appeal cannot continue because any decision by the court on the appeal would be a nullity.

In considering this matter, the court has reviewed the circumstances to ascertain that the settlement was valid. Documents attached to the department's motion indicate that the settlement offer was made through taxpayer's representative, a certified public accountant. Although the accountant was not fully aware of the appeal procedures, the offer was clearly made in full settlement of any claims by the department.

Taxpayer does not dispute that the settlement offer was made or that it was accepted. His response to the department's Motion for Summary Judgment lists various concerns and considerations that motivated him to make the settlement. However, he makes no claim that the settlement was unauthorized, withdrawn, or never accepted.

As indicated, the court believes taxpayer may have continued his appeal because he does not understand how the system works. At this juncture, the court is not sure taxpayer understands the impact of asking the court to consider his case on the merits. Does taxpayer understand that if the court set the settlement aside, tried the case on the merits and found taxpayer was domiciled in Oregon, taxpayer would owe another $40,000 plus in taxes? By settling with the department, taxpayer avoided any liability for that additional amount.

In light of the above, the court concludes that the department's Motion for Summary Judgment should be granted. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted, and Plaintiff's Complaint is dismissed. Costs to neither party.